UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TYLIK HUNTER,

                Plaintiff,

    -against-                           9:20-CV-0065 (LEK/DJS)

A. ROUSE, *et al.*,

                Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se Plaintiff Tylik Hunter filed a complaint in this action on January 17, 2020, asserting claims pursuant to 42 U.S.C. § 1983 against several employees of Greene Correctional Facility ("Greene C.F."). Dkt. No. 1 ("Complaint"). On initial review of the Complaint pursuant to 21 U.S.C. §§ 1915(e) and 1915A, this Court permitted Plaintiff's claims against A. Rouse and C. Putnan to proceed and dismissed Plaintiff's claims against M. Gonzales. Dkt. No. 10 ("April 2020 Order"). On June 11, 2020, Rouse and Putnan filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 17 ("Motion"); 17-1 ("Defendants' Memorandum of Law"). On September 17, 2020, the Honorable Daniel J. Stewart, U.S. Magistrate Judge, recommended that the Motion be denied. Dkt. No. 21 ("Report-Recommendation"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

**II.    BACKGROUND**

The facts are detailed in the April 2020 Order and the Report-Recommendation, familiarity with which is assumed. To summarize briefly, Plaintiff alleges that Defendants, at an unspecified date and time, beat him, sprayed him with mace, and "snatched [his] kufi off [his]

head," spit on it, and stepped on it. Compl. at 4. Plaintiff asserts First Amendment free exercise and Eighth Amendment excessive force claims against Rouse and Putnan. See id. at 4–5; April 2020 Order at 4.

Defendants move for dismissal on the grounds that Plaintiff failed to exhaust administrative remedies prior to commencing this action, and that Plaintiff's Free Exercise claim fails as a matter of law. See Defs.' Mem. of Law. Magistrate Judge Stewart recommended denying Defendants' motion to dismiss, finding that exhaustion is excused and that Plaintiff sufficiently alleged a Free Exercise claim. See R. & R. at 6–13. Neither party has filed objections. Docket.

## III. STANDARDS OF REVIEW

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

### IV. DISCUSSION

As neither party has filed objections, the Court reviews the Report-Recommendation for clear error and finds none.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 21) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No 17) is **DENIED**; and it is further,

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January 12, 2021
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge