**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TYLIK HUNTER,

                         Plaintiff,

   - v -                                             9:20-CV-65
                                                             (LEK/DJS)

ALBERT ROUSE and CHRIS PUTNAM,

                        Defendants.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

TYLIK HUNTER
Plaintiff _Pro Se_
18-B-0977
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051

HON. LETITIA JAMES                        NICHOLAS LUKE ZAPP, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

    _Pro se_ Plaintiff Tylik Hunter brought this action, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. Defendants moved to dismiss the Complaint, Dkt. No. 17, and on January 12, 2021 the District Court denied that Motion. Dkt. No. 22. A copy of that decision served upon

Plaintiff at his address on record, Coxsackie Correctional Facility, was returned to the Court with the notation that Plaintiff has been released from custody on October 22, 2020. Dkt. No. 24.  Defendants have now answered the Complaint.  Dkt. No. 23.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**." (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).  Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action,

or to comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).  Plaintiff's failure to provide an updated address clearly interferes with not only the Court's ability to manage the case, but with Defendants' ability to conduct discovery.

In light of Plaintiff's *pro se* status, the Court will provide him an opportunity to confirm his current address.  **Plaintiff is advised that his failure to comply and notify the Court of his current whereabouts may result in this Court recommending dismissal of this action.**

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff shall, within thirty days of the filing date of this Order, provide the Court and opposing counsel with confirmation in writing of his present address; and it is further

**ORDERED**, Defendants shall, within thirty days of the filing date of this Order, provide this Court with a status report regarding whether the Answer served upon Plaintiff was returned as undeliverable and whether Plaintiff has provided Defendants' counsel with updated contact information; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties

to this action.  The Order shall be served upon Plaintiff at his last known address.

Date:   January 22, 2021
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge