**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TYLIK HUNTER,

                                   Plaintiff,

- v -                                                     9:20-CV-65
                                                             (LEK/DJS)

A. ROUSE, *ORC Counselor; Greene*
*Correctional Facility* and C. PUTNAN,
*Correction Officer, Greene Correctional Facility*,

                                 Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| TYLIK HUNTER<br>Plaintiff *Pro Se*<br>18-B-0977<br>Coxsackie Correctional Facility<br>Box 999<br>Coxsackie, New York 12051 | |
| HON. LETITIA JAMES<br>Attorney General for the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224 | NICHOLAS LUKE ZAPP, ESQ.<br>Assistant Attorney General |

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      Plaintiff, formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. Dkt. No. 1, Compl. The Court's docket reflects that the Complaint was filed with the Court in

January 2020. Defendants moved to dismiss the Complaint. This Court issued a Report-Recommendation recommending that the Motion to Dismiss be denied, which was adopted by the District Court. Dkt. Nos. 21 & 22. The District Court's Order, mailed to the Plaintiff's address on file, was returned to the Court. Dkt. No. 24. The envelope noted that Plaintiff was released from DOCCS custody on October 22, 2020. *Id.* Defendants filed an Answer, but have advised that the Answer was returned as undeliverable, also noting Plaintiff's release from custody. Dkt. Nos. 23 & 27. Plaintiff has not provided this Court with an updated address. On January 22, 2021, this Court issued an Order directing Plaintiff to update the Court and Defendants' counsel of his new address, but that Order too was returned. Dkt. Nos. 25 & 26. Defendants' counsel advises that he has not received an updated address for Plaintiff. Dkt. No. 27.

Based on Plaintiff's failure to provide an updated address, this Court recommends that the Complaint be dismissed under FED. R. CIV. P. 41 due to Plaintiff's failure to prosecute this action.

### I. PLAINTIFF'S FAILURE TO PROSECUTE

Dismissal of the Complaint is appropriate here based on Plaintiff's failure to prosecute this action. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**.") (emphasis in original). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted). Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998). Plaintiff has been released from DOCCS custody and left no forwarding address. Given that the Court's recent orders have been returned as undeliverable, the Court has no means by which to effectively communicate with Plaintiff. Nor does Defendants' attorney have the ability to communicate with Plaintiff to engage in discovery or to defend this matter. The Court finds that this period of noncompliance

with the requirement that Plaintiff notify the Clerk's Office and Defendants of his current address is a basis for dismissal. *Fenza v. Conklin*, 177 F.R.D. at 127.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, the Court recommends that this action be dismissed.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Complaint be **DISMISSED** for failure to prosecute; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action at their last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 22, 2021
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge